UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TOP RANK, INC., | CASE NO. 3:96-CV-01928-MHP |
| Plaintiff, | **DENYING** [PROPOSED] ORDER ~~GRANTING~~ MOTION FOR APPOINTMENT OF RECEIVER OF LIQUOR LICENSE UNDER C.C.P. § 708.610, C.C.P. § 708.620 AND FED.R.CIV.P. 66 |
| vs. | |
| JUAN CARRERA, an individual, | |
| AND DOES I THROUGH X, AND EACH OF THEM, INCLUSIVE, | |
| Defendants. | |

Said notice of motion and motion for assignment of rights having come on regularly for hearing this 21st day of March, 2011 at 2:00 p.m. in Courtroom 15, before the Honorable Marilyn H. Patel, Judge of the United States District Court, and after considering papers in support thereof, and for good cause appearing, therefore,

**DENIED.**

~~IT IS HEREBY ORDERED that the motion for appointment of receiver is hereby granted.~~

IT IS FURTHER ORDERED that the court authorizes the appointment of a receiver under C.C.P. § 708.610, C.C.P. § 708.620, and with all rights and powers under Fed.R.Civ.P. 66.

IT IS FURTHER ORDERED that the court appoints MICHAEL G. KASOLAS, E. LYNN SCHOENMANN, or PAUL J. MANSDORF, as a receiver herein, by which to perform the duties and responsibilities as set forth by way of this order, and that the receiver be compensated at the

[PROPOSED] ORDER GRANTING MOTION FOR APPOINTMENT OF RECEIVER OF LIQUOR LICENSE UNDER C.C.P. § 708.610, C.C.P. § 708.620, AND FED.R.CIV.P. 66 - CASE NO. 3:96-CV-01928 MHP     1

Case3:96-cv-01928-MHP   Document121   Filed09/27/11   Page2 of 2

1  ~~expense of the Defendant, by way of a percentage which may arise out of and based upon any~~
2  collection or recovery herein.
3      IT IS FURTHER ORDERED that the receiver shall have the following duties and powers
4  pursuant to Fed.R.Civ.P. 66:
5      1. To take possession and control of the liquor licenses of the Defendants, pursuant to the
6  rules and regulations of the California Department of Alcoholic Beverage Control.
7      2. To file with the California Department of Alcoholic Beverage Control the surrender of
8  the liquor licenses under Rule 65, the effect of which would be to terminate the operation of the
9  business, in that the receiver would have no interest in operating the business and subjecting
10  himself to personal liability thereunder.
11      3. That the receiver would retain the services of a business opportunity broker who would
12  place the liquor licenses on the market for purposes of a competitive sale.
13      4. That the receiver would retain the services of an attorney and an accountant by which to
14  aid and assist in the sale of the liquor licenses.
15      5. That the Defendants would be restrained, stayed and prohibited from continuing to
16  operate the businesses, pending the sale of the liquor licenses, that they would be restrained from
17  the sale, transfer, or other disposition of the licenses; that they would be restrained from any act to
18  interfere with the receiver, either in part or in whole.
19      6. That the receiver would hold the proceeds in trust, pending further order of this court.
20      ~~7.~~ That the receiver would proceed with a sale of the liquor licenses, pay any priority tax
21  ~~liens~~, if at all, and distribute the balance of the funds first to this Plaintiff, and thereafter to other
22  ~~creditors, if any~~  *

23  DATED: 9/26/2011                        _____
24                                           Marilyn H. Patel
                                             JUDGE OF THE UNITED STATES
25                                           DISTRICT COURT




26  * There is no evidence that the Judgment Debtor was served with a notice of hearing as
    required by CCP section 708.630. Only the Bar Grill was served. However, Esparanza
27  Zavala is the judgment debtor.
28

[PROPOSED] ORDER GRANTING MOTION FOR APPOINTMENT OF RECEIVER OF LIQUOR LICENSE
UNDER C.C.P. § 708.610, C.C.P. § 708.620. AND FED.R.CIV.P. 66 - CASE NO. 3:96-CV-01928 MHP         2