1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

8
9
10

| | | |
|---|---|---|
| 11 | TOP RANK. INC.. | ) CASE NO. 3:96-CV-01928-MHP |
| 12 | Plaintiff, | ) **DENYING**<br>) [PROPOSED] ORDER ~~GRANTING~~ MOTION |
| 13 | vs. | ) FOR APPOINTMENT OF RECEIVER OF<br>) LIQUOR LICENSE UNDER C.C.P. § 708.610. |
| 14 | JUAN CARRERA, an individual. | ) C.C.P. § 708.620 AND FED.R.CIV.P. 66 |
| 15 | AND DOES I THROUGH X, AND<br>EACH OF THEM. INCLUSIVE. | ) |
| 16 | | ) |
| 17 | Defendants. | ) |

18   Said notice of motion and motion for assignment of rights having come on regularly for

19   hearing this 21st day of March. 2011 at 2:00 p.m. in Courtroom 15, before the Honorable Marilyn

20   H. Patel. Judge of the United States District Court, and after considering papers in support thereof,

21   and for good cause appearing. therefore,

**DENIED.**

22   ~~IT IS HEREBY ORDERED that the motion for appointment of receiver is hereby granted.~~

23   IT IS FURTHER ORDERED that the court authorizes the appointment of a receiver under

24   C.C.P. § 708.610. C.C.P. § 708.620. and with all rights and powers under Fed.R.Civ.P. 66.

25   IT IS FURTHER ORDERED that the court appoints MICHAEL G. KASOLAS, E. LYNN

26   SCHOENMANN, or PAUL J. MANSDORF, as a receiver herein, by which to perform the duties

27   ~~and responsibilities as set forth by way of this order, and that the receiver be compensated at the~~

28

se

1  ~~expense of the Defendant. by way of a percentage which may arise out of and based upon any~~

2  collection or recovery herein.

3      IT IS FURTHER ORDERED that the receiver shall have the following duties and powers

4  pursuant to Fed.R.Civ.P. 66:

5      1. To take possession and control of the liquor licenses of the Defendants, pursuant to the

6  rules and regulations of the California Department of Alcoholic Beverage Control.

7      2. To file with the California Department of Alcoholic Beverage Control the surrender of

8  the liquor licenses under Rule 65. the effect of which would be to terminate the operation of the

9  business. in that the receiver would have no interest in operating the business and subjecting

10  himself to personal liability thereunder.

11      3. That the receiver would retain the services of a business opportunity broker who would

12  place the liquor licenses on the market for purposes of a competitive sale.

13      4. That the receiver would retain the services of an attorney and an accountant by which to

14  aid and assist in the sale of the liquor licenses.

15      5. That the Defendants would be restrained, stayed and prohibited from continuing to

16  operate the businesses. pending the sale of the liquor licenses, that they would be restrained from

17  the sale, transfer. or other disposition of the licenses; that they would be restrained from any act to

18  interfere with the receiver, either in part or in whole.

19      6. That the receiver would hold the proceeds in trust, pending further order of this court.

20      7. That the receiver would proceed with a sale of the liquor licenses. pay any priority tax

21  liens. if at all, and distribute the balance of the funds first to this Plaintiff, and thereafter to other

22  ~~creditors, if any~~  *

23  DATED: 9/26/2011 _____

24   

Marilyn H. Patel
JUDGE OF THE UNITED STATES
DISTRICT COURT

25

26  **\* There is no evidence that the Judgment Debtor was served with a notice of hearing as**
**required by CCP section 708.630. Only the Bar Grill was served. However, Esparanza**
27  **Zavala is the judgment debtor.**

28